NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DANA ELAINE AMMONS,**
*Petitioner,*

v.

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent.*

---

2011-3156

---

Petition for review of the Merit Systems Protection Board in case no. SF0752090897-I-1.

---

Decided: April 12, 2012

---

DANA ELAINE AMMONS, of Compton, Calfiornia, pro se.

LAUREN S. MOORE, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and PATRICIA M. MCCARTHY, Assistant Director.

---

Before BRYSON, PROST, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Dana Elaine Ammons appeals from a final order of the Merit Systems Protection Board ("Board") dismissing her petition for review and finding that the Department of Veterans Affairs ("VA") had already complied with a valid settlement agreement. For the reasons set forth below, we *affirm*.

## I. BACKGROUND

On August 18, 2009, Ms. Ammons filed a petition with the Board appealing the VA's termination of her employment. On November 16, 2009, the day of the scheduled hearing, the parties submitted a signed settlement agreement. At the time the settlement agreement was executed, Ms. Ammons had a pending Equal Employment Opportunity Commission ("EEOC") complaint alleging sexual harassment. For her part, paragraph one of the agreement required Ms. Ammons to withdraw all of her pending appeals, complaints, grievances, claims, or causes of action against the VA. Moreover, paragraph one also required Ms. Ammons to waive her rights to pursue future causes of action against the VA "based on, or arising out of facts in existence as of the date of [her] execution of" the settlement agreement. In exchange for Ms. Ammons's waiver, the VA agreed to modify her Notification of Personnel Action ("Standard Form 50" or "SF-50"). For example, paragraph two required the VA to revise Ms. Ammons's SF-50 from "Removal" to "Resignation for personal reasons." Additionally, paragraphs three and four required the VA to revise Ms. Ammons's absences without leave ("AWOLs") and suspensions to "Leave without Pay." In light of the parties' settlement agreement, the Board dismissed Ms. Ammons's petition in

an initial decision dated November 25, 2009. *Ammons v. Dep't of Vet. Affairs*, SF0752090897-I-1 (M.S.P.B. Nov. 25, 2009).

The EEOC later dismissed Ms. Ammons's sexual harassment complaint pursuant to the settlement agreement. On July 14, 2010, however, Ms. Ammons filed a second petition for review with the Board, this time seeking to enforce the settlement agreement. Specifically, Ms. Ammons contended that the parties, off the record, had agreed to alter the settlement agreement by deleting paragraph one—the very paragraph that required her to voluntarily withdraw her pending causes of action, complaints, or appeals against the VA.

In an initial decision dated October 27, 2010, the administrative judge determined that the parties had not modified the settlement agreement to eliminate paragraph one, and that the VA had complied with its obligations under the settlement agreement. *Ammons v. Dep't of Vet. Affairs*, SF0752090897-I-1 (M.S.P.B. Oct. 27, 2010) ("*Initial Decision*"). The administrative judge also determined that the terms of the agreement were not ambiguous and therefore, parol evidence was not permissible. *Id.* at 4-5.

On May 24, 2011, the Board, in its final order, agreed with the initial decision that the settlement agreement was clear and unambiguous, and that parol evidence was therefore inadmissible. *Ammons v. Dep't of Vet. Affairs*, SF0752090897-I-1 (M.S.P.B. May 24, 2011) ("*Final Decision*"). The Board also held that Ms. Ammons's petition did not meet its criteria for review "because it does not show that the administrative judge erred in concluding that she failed to establish that the agency had not complied with the settlement agreement." *Id.* at 2. Specifi-

cally, the Board found that even though Ms. Ammons stated that she did not intend to waive her right to pursue her EEOC complaint, neither Ms. Ammons's nor "her representative's unilateral mistake as to the scope of the settlement agreement . . . provide[d] a basis for invalidating it." *Id.* at 4 (citing *Lee v. U.S. Postal Serv.,* 111 M.S.P.R. 551 (2009), *aff'd,* 367 Fed. Appx. 137 (Fed. Cir. 2010)). Additionally, the Board noted that Ms. Ammons did not provide any "new, previously unavailable, evidence" in support of her claim. Ms. Ammons appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

This court's review of a decision of the Board is limited by statute. 5 U.S.C. § 7703(c); *O'Neill v. Office of Pers. Mgm't,* 76 F.3d 363, 364-65 (Fed. Cir. 1996). We may reverse a decision of the Board only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "The interpretation of a settlement agreement is an issue of law. We review the Board's determinations of law for correctness, without deference to the Board's decision." *King v. Dep't of the Navy,* 130 F.3d 1031, 1033 (Fed. Cir. 1997) (citations omitted). Settlement agreements in which employees voluntarily waive their appeal rights are generally permissible, as long as the agency has not breached the agreement or acted in bad faith. *See McCall v. U.S. Postal Serv.,* 839 F.2d 664, 667 (Fed. Cir. 1988).

On appeal, Ms. Ammons argues that the Board failed to consider her and her union representative's statements that the parties agreed, off the record, to modify or delete

paragraph one of the settlement agreement. Ms. Ammons further contends that the Board exceeded the bounds of reasonableness in concluding that she had agreed to drop her pending EEOC complaint. The VA responds that the settlement agreement is unambiguous and therefore, the consideration of parol evidence is unwarranted.

We have reviewed the settlement agreement and agree with the Board's conclusions that it was unambiguous and provided that Ms. Ammons would withdraw all of her causes of actions, including her EEOC complaint. Ms. Ammons's reliance on parol evidence is misplaced. We have previously held that parol evidence is admissible only if there is ambiguity in the words of the agreement. *Greco v. Dep't of the Army*, 852 F.2d 558, 560 (Fed. Cir. 1988). Here, paragraph one of the settlement agreement, in which Ms. Ammons unmistakably withdrew "all appeals and complaints," and "waive[d] her right to pursue future causes of action arising out of facts in existence as of the date of [her] execution of this Agreement[,]" was unambiguous and does not warrant consideration of parol evidence. *Final Decision* at 2-3 (quoting the settlement agreement). Indeed, paragraph seventeen stated that the settlement agreement constituted "the entire understanding between the [p]arties" and that "there were no other terms or commitments, oral or written." Notably, other portions of the settlement agreement explicitly rely on the waiver provisions of paragraph one. For example, paragraph eight of the settlement agreement provided the VA permission to submit a copy of the settlement agreement to the Board, EEOC, Office of Resolution Management, "or any other third party as evidence of withdrawal or waiver of any claim to be withdrawn or waived hereunder." Even more to the point, it makes no sense to remove paragraph one of the settlement agreement because Ms. Ammons's "entire consideration is encompassed

in that paragraph." *Initial Decision* at 5. In other words, under Ms. Ammons's asserted modification, her record at the VA would be wiped clean in exchange for nothing. Because the terms of the agreement were clear and comprehensive, we agree with the Board's determination that parol evidence was not permissible.

Ms. Ammons also asserts that the Board committed harmful error by failing to make notes of off the record discussions regarding the deletion of paragraph one from the parties' settlement agreement and further requests that the video of the parties' discussions be made part of the record. However, as discussed above, the terms of the settlement agreement were clear and unambiguous. Accordingly, we conclude that the Board properly determined that parol evidence, such as the alleged discussion between the parties in which they agreed to remove paragraph one, was not permissible.

We have considered Ms. Ammons's remaining arguments and find them unpersuasive. For example, Ms. Ammons asserts that the Board failed to take into account paragraph ten of the settlement agreement, which stated that the settlement agreement "shall not serve as precedent for resolving any other complaints, grievances, appeals or actions . . . ." There is no evidence, however, that the VA attempted to use the settlement agreement to resolve any claims or grievances not mentioned or included in the settlement agreement. Ms. Ammons also argues that the Board erred in telling her that it was appropriate to sign the settlement agreement because paragraph one would be removed or modified at a later date. Additionally, Ms. Ammons asserts that the VA agreed to circulate a modified settlement agreement thirty days after the original execution. As a result of this alleged delay, Ms. Ammons claims that she was unable to

assert her right under paragraph sixteen to revoke the settlement agreement within seven days of execution. But contrary to Ms. Ammons's claim, there is no evidence in the record to suggest that the Board influenced or directed her to sign the settlement agreement. Instead, paragraphs nineteen and twenty of the settlement agreement stated that "[t]he Parties have entered into this Agreement freely and voluntarily" and that Ms. Ammons had "thoroughly reviewed the entire Agreement and understands its provisions." And as the Board noted, Ms. Ammons does not assert that she requested a copy of the settlement agreement to review after she had signed it. *Final Decision* at 4.

Because the settlement agreement fully resolved Ms. Ammons's Board appeal, "[t]here is therefore no case or controversy . . . over the merits of which either [the Board] or this court might exercise jurisdiction." *Asberry v. U.S. Postal Serv.,* 692 F.2d 1378, 1380 (Fed. Cir. 1982). Accordingly, we affirm the Board's decision dismissing Ms. Ammons's appeal as settled.

COSTS

Each party shall bear its own costs.

**AFFIRMED**